# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETTY SUTTLE, | Case No. CV 10-8103 MRW |
| Plaintiff, | |
| vs. | ORDER DISMISSING ACTION |
| MICHAEL J. ASTRUE, Commissioner of Soc. Sec. Adm., | |
| Defendant. | |

  The Court dismisses Plaintiff's Social Security appeal for failure to prosecute this action. The Court gave Plaintiff numerous extensions to file a timely motion for summary judgment or to seek counsel. Because she failed to do either after many months of delay, Plaintiff's action is dismissed without prejudice.

  Plaintiff filed this Social Security action in October 2010. Plaintiff was initially represented by counsel. However, after the government answered the complaint, Plaintiff's attorney moved to withdraw from the action. The Court granted the motion at a hearing in July 2011. (Docket # 25.)

  The Court gave Plaintiff several months to locate and retain a new lawyer. However, she apparently was unable to do so. The Court therefore granted several requests to extend the deadline by which plaintiff was required to file her motion

for summary judgment (essentially, her legal position as to why the agency's denial of benefits was wrong). (Docket # 26, 30, 31, 37.) Among the extension requests was a statement from Plaintiff's daughter explaining that the family was considering a conservatorship for Plaintiff. As a result, the Court extended her filing deadline from mid-2011 through the end of February 2012.

To date, however, Plaintiff has not filed a substantive summary judgment motion (her January 2012 filing (Docket # 36) was patently insufficient). Also, no attorney has filed a notice of appearance in the case. The case therefore has been pending for nearly a year and a half, and stalled since last summer.

\* \* \*

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010); Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992).

In the present case, the Court informed Plaintiff that she must find counsel or, if she represented herself, file a motion for summary judgment in this Social Security action. Despite repeated time extensions throughout 2011 and 2012, she has not done either. As a result, the Court concludes that Plaintiff is not able or willing to advance her case here. By contrast, the Court, the government, and the public have a strong interest in terminating this action. The Court therefore finds that dismissal is appropriate under Rule 41(b).

1 | The Court therefore orders that the case be DISMISSED without prejudice
2 | for the reasons stated above.
3 | IT IS SO ORDERED.
4 |
5 | DATED: March 2, 2012
6 | _____
7 | MICHAEL R. WILNER
  | UNITED STATES MAGISTRATE JUDGE

3